ROBERT ROBINSON, Respondent, v. WILLIAM G. MacDONALD et al., Defendants, and DAVID H. GOLDSTEIN, Appellant.— In an action to recover damages for personal injury sustained by reason of negligence and medical malpractice, the defendant Goldstein appeals from an order of the Supreme Court, Queens County, dated March 12, 1964, which denied his motion to amend his answer so as to plead as a defense that subdivision 6 of section 29 of the Workmen's Compensation Law provides plaintiff's exclusive remedy. Order reversed, without costs, on the facts and in the exercise of discretion and motion granted. The time of the defendant Goldstein to serve his amended answer is extended until 20 days after entry of the order hereon, with leave to the plaintiff to apply, if so advised, for such adjournment of the trial as will enable him diligently to conduct any necessary pretrial investigation and examination. It is alleged in the complaint that the defendant Goldstein was an employee, as physician, of the *New York Times*. The *Times* is also the employer of the plaintiff who was injured in the course of such employment. The action was commenced on April 11, 1958. It is averred by Goldstein's attorney that the proposed amendment had been discussed with plaintiff's attorney as early as 1960 and that notice of intention to move to amend was served on said attorney on October 26, 1962. There is a corroborating affidavit as to such service. A member of a firm serving as trial counsel for the plaintiff contents himself with averring that he had no prior notice until he was ready to proceed to trial in February, 1964. Plaintiff at all times has known of the employment status of the defendant Goldstein. Under all the circumstances, we find no prejudice to the plaintiff in the proposed amendment and it should be allowed. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.